UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY LEE LEWIS, III,

          Plaintiff,

v.

                                        Case No. 3:25-cv-870-MMH-SJH

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Henry Lee Lewis, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1; Complaint.)[1] The Court identified deficiencies in Lewis's Complaint and ordered him to file an amended complaint if he wished to proceed with his claims. See Order (Doc. 5). Lewis now proceeds as a pauper on an Amended Complaint (Amended Complaint; Doc. 13).

In his Amended Complaint, Lewis sues the Florida Department of Corrections (FDOC) and "unknown parties." Amended Complaint at 1–3. Lewis alleges that on May 8, 2025, he was beaten by staff and not provided

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

medical assistance for his injuries. Id. at 4–5. As relief, Lewis seeks punitive damages and a transfer from Florida State Prison to a prison in another region. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the

PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the

4

allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Lewis's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Lewis's Complaint fails to state a plausible § 1983 claim against a proper Defendant. Initially, while the Court previously warned Lewis that conclusory allegations would not prevent dismissal and that he must include "a clear description of how each Defendant was involved in the alleged violations," see Order at 2, 5, he has failed to do so. In his statement of the claim, Lewis merely writes: "I was beat by staff [and] was not helped with my

5

injuries[.] Excessive Use of force [and] Medical Negligence." Amended Complaint at 5. These vague allegations are insufficient to state a claim.

Moreover, as to any purported claims against the FDOC, state and governmental entities that are considered "arms of the state" are not "persons" subject to monetary liability for purposes of a § 1983 action. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of the state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983, rendering Lewis's claim for monetary damages against the FDOC unavailable. See Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) ("As the [F]DOC is a state agency, and thus not a person within the meaning of § 1983, Gardner's § 1983 claim for damages against the [F]DOC is frivolous.")[3] (citing Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1524 (11th Cir. 1995)). Additionally, as to Lewis's request for transfer, courts generally will not interfere with matters of prison administration, including an inmate's custody status, or his place of incarceration. See Bell v. Wolfish, 441 U.S. 520,

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

6

547–48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

As to the "unknown party" Defendants, the Eleventh Circuit has held that, generally, "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff's complaint failed to identify or describe the individual "guard" allegedly involved); Williams v. DeKalb Cnty. Jail, 638 F. App'x 976, 976–77 (11th Cir. 2016) ("A fictitious name . . ., when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action."). Cf. Dean v. Barber, 951 F.2d 1210, 1215 n.6, 1216 (11th Cir. 1992) (holding the district court erred in denying a motion to join a John Doe defendant because the plaintiff described the individual with sufficient clarity and precision such that the inclusion of his name would have been "surplusage"). Lewis fails to include any identifying information for any of the "unknown party" Defendants. Indeed, Lewis fails to provide the Court with any information regarding the number of "unknown parties" he seeks to include, what actions those individuals took, or what claims he seeks to pursue against each. Thus, the inclusion of these Defendants fails to state a cause of action.

Considering the foregoing, this case will be dismissed without prejudice for Lewis's failure to state a claim. Lewis may refile his claims with factual allegations sufficient to support a claim for relief if he elects to do so.[4] Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      This case is **DISMISSED without prejudice.**

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

---

[4] The Court notes that the claims Lewis seeks to assert stem from an incident occurring on May 8, 2025. As such, at this time, the refiling of his claims would not be barred by the applicable statute of limitations. However, Lewis is cautioned that timely filing is his own responsibility.

JaxP-12

C:    Henry Lee Lewis, III, #U82339